Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHLEEN A. ATCHISON, an individual on behalf of herself and all others similarly situated, | Case No.: C 05-02222 BZ |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| v. | |
| PHILLIPS & COHEN ASSOCIATES LTD., and ADAM S. COHEN, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____ / | |

## INTRODUCTION

1.     Plaintiff brings this consumer class action under the authority of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 -1692o ("FDCPA"). Plaintiff asks for a declaration that Defendants' debt collection practices violate the FDCPA, statutory damages for the class of a sum not to exceed the lesser of $500,000.00 or 1 per centum of Defendants' net worth, plus $1,000.00 for the Plaintiff, attorneys fees and litigation expenses.

## JURISDICTION AND VENUE

2.     Jurisdiction in this Court is invoked by 15 U.S.C.§ 1692k(d), and 28 U.S.C. § 1331. Declaratory relief is available under the authority of 28 U.S.C. § 2201. Venue is proper in this district because Plaintiff resides in this district, Defendants transact business in this district and Defendants' collection letter was received in this district.

1

**PARTIES**

2    3.    Plaintiff KATHLEEN A. ATCHISON is an individual who resides in San Francisco,

3 California and is sometimes referred to herein as "Ms. Atchison" or "Consumer."

4    4.    Defendant PHILLIPS & COHEN ASSOCIATES LTD.  is a business with its

5 principal office at 695 Rancocas Road, Westampton, New Jersey.  The company  has debt

6 collection call centers in Delaware and Florida.  It employs 375 debt collectors and support

7 personnel.  The principal purpose of its business is the collection of debts owed or alleged to be

8 owed to others.  Its business practices are subject to the Fair Debt Collection Practices Act.

9    5.    Defendant ADAM S.  COHEN is an employee or principal in Defendant Phillips

10 & Cohen and is a debt collector whose conduct is subject to the FDCPA.

11    6.    Defendants PHILLIPS & COHEN ASSOCIATES LTD.  and ADAM S.  COHEN

12 are hereafter referred to collectively as "Defendants," unless otherwise noted.

13

**FACTUAL ALLEGATIONS**

14    7.    Shortly after November 17, 2004, Ms. Atchison received through the mail a form

15 collection letter from Defendants demanding payment of an alleged debt to Fleet Credit Card.  A

16 true and correct copy of the form collection letter is attached as Exhibit A

17    8.    The alphanumeric code assigned to the form collection letter is shown at the

18 bottom of the letter as:

19    **(QESP)40:T002:000585 :001:1000:04322:PUU01:PCAL001:01    PCAL001**

20    9.    The first paragraph of the collection letter tells Ms.  Atchison:

21    **Your account has been referred to our office for**
    **collection on behalf of the above-referenced creditor.  To**
22    **resolve this matter and prevent any further collection activity,**
    **full payment should be sent to this office at the address above.**
23

24    10.    The next paragraph, in bold type, instructs Ms.  Atchison:

25    **IT IS NOT IN YOUR BEST INTEREST TO**
    **NEGLECT THIS ACCOUNT!  YOU MAY CONTACT OUR**
    **OFFICE AT THE ABOVE TELEPHONE NUMBER.**
26

27 / / /

28 / / /

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FAIR DEBT COLLECTION PRACTICES ACT     2

11.     The letter is signed:

**Sincerely,**

**Adam S.  Cohen
CEO/Co-Chairman**

12.     Below Mr. Cohen's signature is a paragraph stating Ms. Atchison's right to dispute the debt and request verification of the debt ("validation rights").

13.     Defendant's demand for full payment of the debt to prevent further collection activity contradicts Ms.  Atchison's validation rights in the following manner.

    a.     Defendants must cease collection upon Ms. Atchison's requesting verification of the debt, as provided by 15 U.S.C. § 1692g(b), as follows:

> **(b)     Disputed debts**
>
>     If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt</u> or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  [Emphasis added.]

    b.     Defendants must cease collection, except for specified acts, upon Ms. Atchison's exercising her rights under 15 U.S.C. § 1692c(c), as follows:

> **(c)     Ceasing communication**
>
>     If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except–
>     **(1)**     to advise the consumer that the debt collector's further efforts are being terminated;
>     **(2)**     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>     **(3)**     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
>     If such notice from the consumer is made by m ail, notification shall be complete upon receipt.

14.     The bold statement described in ¶ 10 above, soliciting a telephone call to the

1   Defendants, contradicts and overshadows the validation notice, which mandates that a request for

2   verification be made in writing.

3       15.     In collecting debts in the state of California, Defendants are required to make the

4   following disclosure:

5           The state Rosenthal Fair Debt Collection Practices Act and the
            federal Fair Debt Collection Practices Act require that, except
6           under unusual circumstances, collectors may not contact you
            before 8:00 a.m. or after 9:00 p.m.  They may not harass you by
7           using threats of violence or arrest, or by using obscene language.
            Collectors may not use false or misleading statements or call you at
8           work if they know or have reason to know that you may not receive
            personal calls at work.  For the most part, collectors may not tell
9           another person, other than your attorney or spouse, about your debt.
            Collectors may contact another person to confirm your location or
10          enforce a judgment.  For more information about debt collection
            activities, you may contact the Federal Trade Commission at 1-
11          877-FTC-HELP or www.ftc.gov.  (Cal.  Civ.  Code §
            1812.700(a)(b).
12
            Defendants fail to make the aforesaid disclosure as required by Cal.  Civ.  Code §
13
    1812.700(a)(b).
14
15      16.     Upon the facts and law set forth herein, Defendants Phillips & Cohen Ltd.'s  and

16  Adam S. Cohen's practice of sending collection letters the same or similar to Exhibit A violates

17  the FDCPA, and judgment should be entered as prayed.

18                          **FIRST CLAIM FOR RELIEF**
                **(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)**

19      17.     Plaintiff incorporates by this reference all of the foregoing paragraphs.

20      18.     Plaintiff is and was at all times relevant a consumer within the meaning of

21   15 U.S.C. § 1692a(3).  The transaction alleged between the original creditor and Plaintiff was a

22  consumer transaction within the meaning of 15 U.S.C. § 1692a(5).

23      19.     Defendants were at all times relevant "debt collectors" within the meaning of 15

24  U.S.C. § 1692a(6).

25      20.     The FDCPA is part of the Consumer Protection Act, and as such is liberally

26  construed in favor of the consumer to effect its remedial purpose.  Ross v. Commercial Fin.

27  Services, Inc., 31 F.Supp.2d 1077, 1079 (N.D. Ill.  (1999); Cirkot v. Diversified Financial

28  Systems, Inc., 839 F.Supp.  941, 944 (D.  Conn.  1993); Graydon v. National Systems, 1993 U.S.

1  Dist.  LEXIS 20344 (N.D. Ga, October 14, 1983).

2      21.    The Act is a strict liability statute and thus does not require a showing of

3  intentional conduct on the part of the debt collector.  <u>Irwin v. Mascott</u>, 94 F.Supp.2d 1052, 1057

4  (N.D. Cal.  2000).

5      22.    The Plaintiff need not prove the debt invalid or show any actual damage to receive

6  statutory damages.  <u>Baker v. G C. Services</u>, 677 F.2d 775, 780 (9th Cir.  1982).

7      23.    The validation notice must not be overshadowed or contradicted by other

8  messages appearing in the initial communications.  <u>Swanson v. Southern Oregon Credit, Inc.</u>,

9  869 F.2d 1222, 1225 (9th Cir.  1998).

10      24.    In evaluating the tendency of language to deceive, the court looks to the least

11  sophisticated consumer.  <u>Swanson</u>, *id.*

12      25.    Defendants violate 15 U.S.C. § 1692g(a) by sending a collection letter that fails to

13  effectively disclose the consumer's validation rights, by including material that contradicts and

14  overshadows the consumer's validation rights, thereby confusing the debtor.

15      26.    Defendants violate 15 U.S.C. § 1692e and e(10) by sending a collection letter that

16  is false, deceptive, and misleading by including material that contradicts and overshadows

17  Plaintiff's validation rights.

18      27.    Defendants' failure to provide the California notice regarding the restrictions on

19  its conduct is a deceptive and misleading means used in connection with the collection of a debt

20  in violation of 15 U.S.C. § 1692e(10).

21      28.    Defendants' failure to provide the California notice regarding the restriction on its

22  collection practices is an unfair and unconscionable means to collect a debt in violation of 15

23  U.S.C. § 1692f.

24                            **CLASS ALLEGATIONS**

25      29.    This action is brought as a class action on behalf of (I) all persons with mailing

26  addresses in the State of California (ii) to whom letters were sent by Defendants in the form

27  represented by <u>Exhibit A</u> (iii) in an attempt to collect a debt arising out of a transaction in which

28  the goods or services subject of the transaction were primarily used for personal, family, or

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FAIR DEBT COLLECTION PRACTICES ACT      5

1  household purposes (iv) sent on or after a date one year prior to the filing of this action (v) which

2  letters were not returned undelivered by the United States Postal Service.

3      30.    Plaintiff alleges on information and belief based on Defendants' use of form

4  letters that the class is so numerous that joinder of all members is impractical.  On information

5  and belief there are more than forty (40) class members.

6      31.    There are questions of law and fact common to the class, which common

7  questions predominate over any questions involving only individual class members.  The

8  principal question is whether Defendants' collection letter, <u>Exhibit A</u>, violates the FDCPA as

9  alleged in Plaintiff's First Cause of Action.

10     32.    Plaintiff's claims are typical of the class members.  All are based on the same

11  facts and legal theories alleged herein.

12     33.    Plaintiff will fairly and adequately represent the interests of the class members.

13  Plaintiff has retained counsel experienced in handling class actions involving unlawful practices

14  under the FDCPA.  Neither Plaintiff nor Plaintiff's counsel has any interests which would cause

15  them not to vigorously pursue this action.

16     34.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil

17  Procedure is appropriate in that:

18         (1)    The questions of law or fact common to the members of the class

19             predominate over any questions affecting only individual members.

20         (2)    A class action is superior to other available methods for the fair

21             and efficient adjudication of the controversy.

22     35.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil

23  Procedure is also appropriate in that Defendants acted on grounds generally applicable to the

24  class, thereby making appropriate declaratory relief with respect to the class as a whole.

25     36.    Plaintiff requests certification of a hybrid class combining the elements of Rule

26  23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

27     WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

28  requests of this Court the following monetary and equitable relief:

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FAIR DEBT COLLECTION PRACTICES ACT      6

A.      An Order certifying that the action be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's undersigned counsel to represent the Class.

B.      Pursuant to 15 U.S.C. § 1692k(a)(2)(B), statutory damages of (a) $1,000.00 for the named Plaintiff and (b) a sum not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendants for all other class members.

C.      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(3).

D.      Such other and equitable relief as this Court may deem necessary or proper.

Dated:  June 1, 2005            /s/ Irving L.  Berg
                                Irving L. Berg

                                THE BERG LAW GROUP
                                433 Town Center, No. 493
                                Corte Madera, California 94925
                                (415) 924-0742
                                (415) 891-8208 (Fax)

                                ATTORNEY FOR PLAINTIFF


**JURY DEMAND**

Plaintiff demands trial by jury.


Dated: June 1, 2005             /s/ Irving L.  Berg
                                Irving L. Berg

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FAIR DEBT COLLECTION PRACTICES ACT      7